E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Chief, National Security Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
MAXWELL COLL (Cal Bar No. 312651)
Assistant United States Attorney
National Cryptocurrency Enforcement Team
Computer Crime and Intellectual Property Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2429/1785
    Facsimile: (213) 894-0141
    E-mail:    nisha.chandran@usdoj.gov
                maxwell.coll@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
April 8, 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____IV_____ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
4/8/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____CDO_____ DEPUTY

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br><br>v.<br><br>DAREN LI,<br><br>      Defendant(s) | No. 2:24-mj-02055-DUTY<br><br>**GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING COMPLAINT AND SUPPORTING AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NISHA CHANDRAN**<br><br>**(UNDER SEAL)** |

The government applies *ex parte* for an order directing that the complaint (except for the arrest warrant) and all attachments thereto as well as this *ex parte* application, the memorandum of points and authorities, the declaration of Nisha Chandran, and this Court's sealing order, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.

1  This ex parte application is based on the attached memorandum of
2  points and authorities, the declaration of Nisha Chandran, and the
3  records and files in this case, including the application for a
4  complaint and attachments thereto.

Dated: April 8, 2024              Respectfully submitted,

                                              E. MARTIN ESTRADA
                                              United States Attorney

                                              CAMERON L. SCHROEDER
                                              Assistant United States Attorney
                                              Chief, National Security Division

                                                      /s/
                                              NISHA CHANDRAN
                                              MAXWELL COLL
                                              Assistant United States Attorneys

                                              Attorneys for Applicant
                                              UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government requests that this Court seal the complaint and supporting affidavit in this case in order to maintain the integrity of this investigation.  Approval from this Court to seal these documents is required under Local Rule 79-5.1.  The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g).  In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517; accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation.  The government accordingly requests that the documents described in the attached declaration be maintained under seal until further order of the Court, with the exception that the

government be permitted to provide a copy of the complaint to foreign law enforcement as needed to effectuate the arrest of the subject of the complaint.

**DECLARATION OF NISHA CHANDRAN**

I, Nisha Chandran, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of a complaint and arrest warrant.

2. The complaint and arrest warrant in this case have not yet been executed. The likelihood of arresting the subject of the complaint may be jeopardized if the affidavit in support of the complaint in this case was made publicly available before the arrest warrant is executed. The government requests that the Court's order not limit its ability to provide copies of the complaint to foreign law enforcement as needed to effectuate the arrest of the subject of the complaint.

3. Accordingly, the government requests that the complaint and supporting affidavit in the above-titled case, together with this <u>ex parte</u> application, the memorandum of points and authorities, the declaration of Nisha Chandran, and this Court's sealing order, be kept under seal until further order of the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed in Los Angeles, California, on April 8, 2024.

NISHA CHANDRAN