E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Criminal Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
National Cryptocurrency Enforcement Team
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2429/1785
     Facsimile: (213) 894-0141
     E-mail:    nisha.chandran@usdoj.gov
                maxwell.coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
MAY -1 2024
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 24-MJ-2055 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| DAREN LI, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
           following grounds:
   ☐   a.   present offense committed while defendant was on release
              pending (felony trial),

|     |     |     |     |
| --- | --- | --- | --- |
| 1 | ☐ | b. | defendant is an alien not lawfully admitted for permanent residence; and |
| 3 | ☐ | c. | defendant may flee; or |
| 4 | ☐ | d. | pose a danger to another or the community. |
| 5 | ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| 8 | ☒ | a. | the appearance of the defendant as required; |
| 9 | ☐ | b. | safety of any other person and the community. |
| 10 | ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| 13 | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| 16 | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| 18 | ☐ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| 20 | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| 24 | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |

2

1  ☐  c.  offense involving a minor victim under 18 U.S.C.
2           §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
3           2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
4           2260, 2421, 2422, 2423 or 2425 (presumption of danger
5           to community and flight risk);
6  ☐  d.  defendant currently charged with an offense described
7           in paragraph 5a - 5e below, AND defendant was
8           previously convicted of an offense described in
9           paragraph 5a - 5e below (whether Federal or
10          State/local), AND that previous offense was committed
11          while defendant was on release pending trial, AND the
12          current offense was committed within five years of
13          conviction or release from prison on the above-
14          described previous conviction (presumption of danger to
15          community).
16 ☒ 5.  Government Is Entitled to Detention Hearing Under § 3142(f)
17       If the Case Involves:
18 ☐  a.  a crime of violence (as defined in 18 U.S.C.
19          § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or
20          Federal crime of terrorism (as defined in 18 U.S.C.
21          § 2332b(g)(5)(B)) for which maximum sentence is 10
22          years' imprisonment or more;
23 ☐  b.  an offense for which maximum sentence is life
24          imprisonment or death;
25 ☐  c.  Title 21 or MDLEA offense for which maximum sentence is
26          10 years' imprisonment or more;

3

|   |   |    |   |
|---|---|----|---|
| 1 | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| 6 | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 11 | ☒ | f. | serious risk defendant will flee; |
| 12 | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| 15 | ☐ | 6. | Government requests continuance of ____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____
_____
_____
_____

//
//
//
//
//
//
//

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: May 1, 2024                    Respectfully submitted,

                                      E. MARTIN ESTRADA
                                      United States Attorney

                                      CAMERON L. SCHROEDER
                                      Assistant United States Attorney
                                      Chief, National Security Division

                                      /s/

                                      _____
                                      NISHA CHANDRAN
                                      MAXWELL COLL
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

5