1  E. MARTIN ESTRADA
   United States Attorney
2  CAMERON L. SCHROEDER
   Assistant United States Attorney
3  Chief, Criminal Division
   NISHA CHANDRAN (Cal. Bar No. 325345)
4  Assistant United States Attorney
   Cyber and Intellectual Property Crimes Section
5  MAXWELL COLL (Cal. Bar No. 312651)
   Assistant United States Attorney
6  National Cryptocurrency Enforcement Team
   Computer Crime and Intellectual Property Section
7       1500 United States Courthouse
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone: (213) 894-2429/1785
9       Facsimile: (213) 894-0141
        E-mail:   nisha.chandran@usdoj.gov
10                maxwell.coll@usdoj.gov

11 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

12
                    UNITED STATES DISTRICT COURT
13
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
14
   UNITED STATES OF AMERICA,         No. CR 2:24-00311-RGK
15
             Plaintiff,              STIPULATION REGARDING REQUEST FOR
16                                   (1) CONTINUANCE OF TRIAL DATE AND
             v.                      (2) FINDINGS OF EXCLUDABLE TIME
17                                   PERIODS PURSUANT TO SPEEDY TRIAL
   DAREN LI,                         ACT
18      aka "Devon,"
        aka "KG-PERFECT,"            CURRENT TRIAL DATE:   7/9/2024
19      aka "RF," and               PROPOSED TRIAL DATE:  4/15/2025
   YICHENG ZHANG,
20      aka "Eason,"

21           Defendants.

22

23

24      Plaintiff United States of America, by and through its counsel

25 of record, the United States Attorney for the Central District of

26 California and Assistant United States Attorneys Maxwell Coll and

27 Nisha Chandran; defendant Daren Li ("defendant LI"), both

28 individually and by and through his counsel of record, Robert Darren

1  Cornforth; and defendant Yicheng Zhang ("defendant ZHANG"), both

2  individually and by and through his counsel of record, Deputy Federal

3  Public Defender James S. Threatt, hereby stipulate as follows:

4      1.    The Indictment in this case was filed on May 15, 2024.

5  Defendant LI first appeared before a judicial officer in this case in

6  the United States District Court for the Northern District of Georgia

7  on April 15, 2024, and first appeared in the Central District of

8  California in this case on May 1, 2024.  Defendant ZHANG first

9  appeared before a judicial officer of the court in which the charges

10 in this case were pending on May 16, 2024.  The Speedy Trial Act, 18

11 U.S.C. § 3161, originally required that the trial commence on or

12 before July 24, 2024, for defendant LI, and on or before July 25,

13 2024, for defendant ZHANG.

14     2.    On May 16, 2024, the Court set a trial date of July 9,

15 2024.

16     3.    Defendants LI and ZHANG are detained pending trial.  The

17 parties estimate that the trial in this matter will last

18 approximately two weeks.  All defendants are joined for trial and a

19 severance has not been granted.

20     4.    By this stipulation, defendants LI and ZHANG move to

21 continue the trial date to April 15, 2025.  This is the first request

22 for a continuance.

23     5.    Defendants request the continuance based upon the following

24 facts, which the parties believe demonstrate good cause to support

25 the appropriate findings under the Speedy Trial Act:

26         a.    Defendants LI and ZHANG are charged with violations of

27 Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §

28 1956(h); and International Money Laundering, in violation of 18

2

1   U.S.C. § 1956(a)(2)(B)(i).  Upon entry of respective protective
2   orders, the government will produce discovery to the defense,
3   including thousands of pages of financial documents, photographs,
4   videos, electronic messages, and written reports, among other files.
5   The government also seized several electronic devices and is in the
6   process of translating written and audio messages from Mandarin to
7   English.  The government will produce additional discovery as it
8   becomes available.
9          b.    Defense counsel for defendant LI is presently
10  scheduled to be in trial as described in Appendix A.  Accordingly,
11  counsel for defendant LI represents that he will not have the time
12  that he believes is necessary to prepare to try this case on the
13  current trial date.
14         c.    Defense counsel for defendant ZHANG is presently
15  scheduled to be in trial as described in Appendix B.  Accordingly,
16  counsel for defendant ZHANG represents that he will not have the time
17  that he believes is necessary to prepare to try this case on the
18  current trial date.
19         d.    In light of the foregoing, counsel for defendants also
20  represent that additional time is necessary to confer with
21  defendants, conduct and complete an independent investigation of the
22  case, conduct and complete additional legal research including for
23  potential pre-trial motions, review the discovery and potential
24  evidence in the case, and prepare for trial in the event that a
25  pretrial resolution does not occur.  Defense counsel represent that
26  failure to grant the continuance would deny them reasonable time
27  necessary for effective preparation, taking into account the exercise
28  of due diligence.

1    e.    Defendants LI and ZHANG believe that failure to grant
2    the continuance will deny them continuity of counsel and adequate
3    representation.
4    f.    The government does not object to the continuance.
5    g.    The requested continuance is not based on congestion
6    of the Court's calendar, lack of diligent preparation on the part of
7    the attorney for the government or the defense, or failure on the
8    part of the attorney for the Government to obtain available
9    witnesses.
10    6.    For purposes of computing the date under the Speedy Trial
11    Act by which defendant's trial must commence, the parties agree that
12    the time period of June 4, 2024 to April 15, 2025, inclusive, should
13    be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and
14    (h)(7)(B)(iv) because the delay results from a continuance granted by
15    the Court at defendants' request, without government objection, on
16    the basis of the Court's finding that: (i) the ends of justice served
17    by the continuance outweigh the best interest of the public and
18    defendant in a speedy trial; (ii) failure to grant the continuance
19    would be likely to make a continuation of the proceeding impossible,
20    or result in a miscarriage of justice; and (iii) failure to grant the
21    continuance would unreasonably deny defendant continuity of counsel
22    and would deny defense counsel the reasonable time necessary for
23    effective preparation, taking into account the exercise of due
24    diligence.
25    7.    Nothing in this stipulation shall preclude a finding that
26    other provisions of the Speedy Trial Act dictate that additional time
27    periods be excluded from the period within which trial must commence.
28    Moreover, the same provisions and/or other provisions of the Speedy

1  Trial Act may in the future authorize the exclusion of additional
2  time periods from the period within which trial must commence.
3      IT IS SO STIPULATED.
4  Dated: June 4, 2024              Respectfully submitted,
5                                   E. MARTIN ESTRADA
                                    United States Attorney
6
                                    CAMERON L. SCHROEDER
7                                   Assistant United States Attorney
                                    Chief, National Security Division
8
9            /s/  Maxwell Coll
                                    ─────────────────────────────────
10                                  MAXWELL COLL
                                    NISHA CHANDRAN
11                                  Assistant United States Attorneys

12                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
13  //
14  //
15  //
16
17
18
19
20
21
22
23
24
25
26
27
28

1       I am Defendant LI's attorney.  I have carefully discussed every
2   part of this stipulation and the continuance of the trial date with
3   my client. I have fully informed my client of his Speedy Trial
4   rights.  To my knowledge, my client understands those rights and
5   agrees to waive them.  I believe that my client's decision to give up
6   the right to be brought to trial earlier than April 15, 2025, is an
7   informed and voluntary one.

8

9   _____          6-11-24
    Robert Darren Cornforth                  _____
    Attorney for Defendant                   Date
10  DAREN LI

11

12      I have read this stipulation and have carefully discussed it
13  with my attorney.  This agreement has been read to me in Mandarin,
14  the language I understand best, and I have carefully discussed every
15  part of it with my attorney.  I understand my Speedy Trial rights.  I
16  voluntarily agree to the continuance of the trial date, and give up
17  my right to be brought to trial earlier than April 15, 2025.

18

19  _____          6-11-2024
    DAREN LI                                 _____
20  Defendant                                Date

21

22  **CERTIFICATION OF INTERPRETER**

23      I, _Yanyan Liu_ , am fluent in the written and spoken
24  English and Mandarin languages.  I accurately translated this entire
25  agreement from English into Mandarin to defendant DAREN LI on this
26  date.

27  _____          6-11-24
    Interpreter                              _____
28                                           Date

1    I am Defendant ZHANG's attorney.  I have carefully discussed
2    every part of this stipulation and the continuance of the trial date
3    with my client. I have fully informed my client of his Speedy Trial
4    rights.  To my knowledge, my client understands those rights and
5    agrees to waive them.  I believe that my client's decision to give up
6    the right to be brought to trial earlier than April 15, 2025, is an
7    informed and voluntary one.

8    _____          06/17/2024
9    James S. Threatt                          Date
     Deputy Federal Public Defender
10   Attorney for Defendant
     YICHENG ZHANG
11

12
13   I have read this stipulation and have carefully discussed it
     with my attorney.  This agreement has been read to me in Mandarin,
14
     the language I understand best, and I have carefully discussed every
15
     part of it with my attorney.  I understand my Speedy Trial rights.  I
16
     voluntarily agree to the continuance of the trial date, and give up
17
     my right to be brought to trial earlier than April 15, 2025.
18
19   _____          06/17/2024
20   YICHENG ZHANG                             Date
     Defendant
21

22                    **CERTIFICATION OF INTERPRETER**

     I,  Yanyan Liu , am fluent in the written and spoken
23
     English and Mandarin languages.  I accurately translated this entire
24
     agreement from English into Mandarin to defendant YICHENG ZHANG on
25
     this date.
26

27   _____          6/17/2024
     Interpreter                               Date
28

                                  7

**APPENDIX A: LIST OF ATTORNEY OBLIGATIONS**

- <u>United States v. Sun</u>, Case No. 2:24-cr-1007-BTM, a wire-fraud case set for a trial-setting conference on June 24, 2024. Trial is estimated to last five days.

- <u>People v. Hsiao</u>, Case No. 22HF0471, Orange County Superior Court, a kidnapping case set for trial on August 19, 2024, and estimated to last two weeks.

- <u>United States v. Jiang</u>, Case No. 24-CR-187-CLS, a wire-fraud case set for trial on August 27, 2024, and estimated to last five days.

**APPENDIX B: LIST OF ATTORNEY OBLIGATIONS**

- <u>United States v. Qian Guo</u>, Case No. 2:23-CR-00535-SVW, a five-defendant conspiracy to defraud the United States case, which has been pending since October 19, 2023, has been continued one time, and is set for a one-week trial on June 25, 2024. The parties have prepared a stipulation to continue the trial to February 11, 2025.

- <u>United States v. Damian Robert Stanek</u>, Case No. 2:23-CR-00235-DMG, a single-defendant felon in possession of a firearm case, which has been pending since May 31, 2023, has been continued once, and is set for a three-to-four day trial on July 9, 2024. It is unknown at this time whether the parties will seek a continuance.

- <u>United States v. Roy Alonzo</u>, Case No. 2:23-CR-00586-JAK, a single-defendant distribution of methamphetamine and possession of a firearm in furtherance of drug trafficking case, which has been pending since December 27, 2023, has been continued once, and is set for a three-to-four-day trial on July 23, 2024. It is unknown at this time whether the parties will seek a continuance.

- <u>United States v. Bernhard Eugen Fritsch</u>, Case No. 2:17-CR-00520-DSF, a single-defendant wire fraud case, which has been pending since August 17, 2017, has been continued twelve times, and is set for a 2-week trial on October 1, 2024. It

is not yet known whether a further continuance will be requested.

- <u>United States v. Daniel Osmani Perez</u>, Case No. 2:24-CR-00023-FMO, a single-defendant possession with intent to distribute methamphetamine case, which has been pending since January 11, 2024, has been continued one time, and is set for a three-to-four-day trial on November 12, 2024.  It is not yet known whether a further continuance will be requested.

- <u>United States v. Francisco Santos-Sweet</u>, Case No. 5:18-CR-00316-TJH, a single-defendant kidnapping and transportation of a minor with intent to engage in sexual activity case, which has been pending since August 17, 2022, has been continued twice, and is set for a six-to-seven-day trial on January 28, 2025.  It is not yet known whether a further continuance will be requested.