JOSEPH T. MCNALLY
Acting United States Attorney
DAVID T. RYAN
Chief, National Security Division
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Corporate and Securities Fraud Strike Force
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1785/2429
    Facsimile: (213) 894-0141
    E-mail:    maxwell.coll@usdoj.gov
            nisha.chandran@usdoj.gov
STEFANIE SCHWARTZ (Vir. Bar No. 96471)
Trial Attorney
Computer Crime and Intellectual Property Section
    1301 New York Ave. NW Suite 600
    Washington, DC 20530
    E-mail:    stefanie.schwartz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-CR-00311-RGK-2 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT YICHENG ZHANG |
| v. | |
| YICHENG ZHANG, aka "Eason," | |
| Defendant. | |

    1.    This constitutes the plea agreement between YICHENG ZHANG, aka "Eason," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") and the United States Department of Justice, Computer Crime and Intellectual Property Section ("CCIPS" and together with the USAO, the "United

States") in the above-captioned case.  This agreement is limited to the USAO and CCIPS and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to Count One of the indictment in <u>United States v. Daren Li, et al.</u>, CR No. 2:24-311-RGK-2, which charges defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The

government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE UNITED STATES' OBLIGATIONS</u>

3.    The United States agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

1  Sentencing Guidelines range, the propriety and extent of any

2  departure from that range, and the sentence to be imposed.

3       d.   At the time of sentencing, provided that defendant

4  demonstrates an acceptance of responsibility for the offense up to

5  and including the time of sentencing, recommend a two-level reduction

6  in the applicable Sentencing Guidelines offense level, pursuant to

7  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8  additional one-level reduction if available under that section.

9                     NATURE OF THE OFFENSE

10      4.   Defendant understands that for defendant to be guilty of

11 the crime charged in count one, that is, conspiracy to commit money

12 laundering, in violation of Title 18, United States Code, Section

13 1956(h), the following must be true: first, there was an agreement

14 between two or more persons to engage in concealment money

15 laundering, in violation of Title 18, United States Code, Section

16 1956(a)(1)(B)(i); and second, defendant became a member of the

17 conspiracy knowing of its object and intending to help accomplish it.

18 The elements of concealment money laundering, are as follows: first,

19 defendant conducted or intended to conduct a financial transaction

20 involving property that represented the proceeds of wire fraud, in

21 violation of Title 18, United States Code, Section 1343; second,

22 defendant knew that the property represented the proceeds of some

23 form of unlawful activity; and third, defendant knew that the

24 transaction was designed in whole or in part to conceal or disguise

25 the nature, location, source, ownership, and control of the proceeds.

26                   PENALTIES AND RESTITUTION

27      5.   Defendant understands that the statutory maximum sentence

28 that the Court can impose for a violation of Title 18, United States

4

Code, Section 1956(h), is: 20 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the United States' compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The applicable amount of restitution is between at least $90,310 and $2,376,070. The parties agree that the amount of restitution could change based on facts that come to the attention of the parties prior to sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning from at least August 2021, and continuing through at least April 12, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant knowingly conspired with co-defendant DAREN LI, and others, to conduct financial transactions involving property that represented the proceeds of wire fraud, in violation of Title 18, United States Code, Section 1343. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Defendant admits that he conspired with LI and others to launder funds obtained from victims through cryptocurrency scams and related frauds, as described in count one of the indictment, and admits that the factual allegations described in count one are true and accurate. Defendant knew that the property involved in the financial transactions represented, and would represent, the proceeds of some form of unlawful activity and that the transactions were, and would be, designed in whole or in part to conceal or disguise the nature,

7

location, source, ownership, and control of the proceeds.  The overall laundering scheme involved at least $73.6 million in fraudulently obtained funds.

In furtherance of the conspiracy, defendant communicated with his co-conspirators through encrypted messaging services.  In order to conceal or disguise the nature, location, source, ownership, and control of the fraudulently obtained victim funds, defendant would instruct co-conspirators how to open bank accounts established on behalf of shell companies, including for shell companies in the name of SMX Beauty, Inc. and SMX Travel, Inc., so that other co-conspirators could direct the transfer of victim funds to those bank accounts.  Defendant's co-conspirators would then direct victims to transfer funds to various domestic bank accounts, including SMX Beauty, Inc. and SMX Travel, Inc., and then transmit those victim funds through various domestic and international intermediary bank accounts before reaching their final beneficiary.  Defendant's co-conspirators would monitor the conversion of victim funds to virtual currency, specifically Tether ("USDT") and ultimately receive the victim funds in financial accounts controlled by defendant's co-conspirators.

At the direction of other co-conspirators, defendant also opened and operated two of the domestic intermediary bank accounts used to launder victim funds.  Specifically, defendant received at least $90,310 in victim funds to his Bank of America checking account ending in 5585 and his Bank of America savings account ending in 0782.  At the direction of other co-conspirators, defendant then transferred those victim funds from his bank accounts to other domestic and international bank accounts.

Defendant admits that at least $90,310 in victim funds were directly deposited into bank accounts that defendant opened and controlled.  Defendant also admits that at least $2,285,760 was transferred from domestic bank accounts in the names of SMX Travel, Inc. and SMX Beauty, Inc. to two bank accounts held at Deltec Bank & Trust in the Bahamas.

<u>SENTENCING FACTORS</u>

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the United States agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2S1.1(a)(2)<br>U.S.S.G. § 2X1.1(a) |
| Laundered Funds Between More Than $40,000 And More Than $1,500,000 | +6 to +16 | U.S.S.G. § 2B1.1(b)(1)(D)<br>U.S.S.G. § 2B1.1(b)(1)(I) |
| Conviction Under § 1956 | +2 | U.S.S.G. § 2S1.1(b)(2)(B) |
| Minor Role | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the United States reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Specifically, defendant reserves the right to argue that defendant should receive a 2-level reduction under U.S.S.G. § 4C1.1, and the government reserves the right to oppose application of U.S.S.G. § 4C1.1.  The government also reserves the right to argue that defendant should receive up to a 16-level enhancement for laundered funds exceeding $1,500,000, under U.S.S.G. § 2B1.1(b)(1)(I), and defendant reserves the right to argue that defendant should receive no more than a 6-level enhancement for laundered funds exceeding $40,000, under U.S.S.G. § 2B1.1(b)(1)(D).

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the United States reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

1          d.   The right to be presumed innocent and to have the

2    burden of proof placed on the government to prove defendant guilty

3    beyond a reasonable doubt.

4          e.   The right to confront and cross-examine witnesses

5    against defendant.

6          f.   The right to testify and to present evidence in

7    opposition to the charges, including the right to compel the

8    attendance of witnesses to testify.

9          g.   The right not to be compelled to testify, and, if

10   defendant chose not to testify or present evidence, to have that

11   choice not be used against defendant.

12         h.   Any and all rights to pursue any affirmative defenses,

13   Fourth Amendment or Fifth Amendment claims, and other pretrial

14   motions that have been filed or could be filed.

15                  WAIVER OF RETURN OF DIGITAL DATA

16   16.  Understanding that the government has in its possession

17   digital devices and/or digital media seized from defendant, defendant

18   waives any right to the return of digital data contained on those

19   digital devices and/or digital media and agrees that if any of these

20   digital devices and/or digital media are returned to defendant, the

21   government may delete all digital data from those digital devices

22   and/or digital media before they are returned to defendant.

23                  WAIVER OF APPEAL OF CONVICTION

24   17.  Defendant understands that, with the exception of an appeal

25   based on a claim that defendant's guilty plea was involuntary, by

26   pleading guilty defendant is waiving and giving up any right to

27   appeal defendant's conviction on the offense to which defendant is

28   pleading guilty.  Defendant understands that this waiver includes,

but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding with an offense level of 19 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of

conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.  The United States agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding with an offense level of 21 and the criminal history category calculated by the Court, the United States gives up its right to appeal any portion of the sentence with the exception that the United States reserves the right to appeal the amount of restitution ordered if that amount is less than $2,376,070.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

21.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the United States will be relieved of all of its obligations under this agreement; and (b) should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

1 that such defenses existed as of the date of defendant's signing this
2 agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

4    22.  Defendant agrees that if the count of conviction is
5 vacated, reversed, or set aside, both the USAO and defendant will be
6 released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

8    23.  This agreement is effective upon signature and execution of
9 all required certifications by defendant, defendant's counsel, and an
10 Assistant United States Attorney.

### BREACH OF AGREEMENT

12    24.  Defendant agrees that if defendant, at any time after the
13 signature of this agreement and execution of all required
14 certifications by defendant, defendant's counsel, and an Assistant
15 United States Attorney, knowingly violates or fails to perform any of
16 defendant's obligations under this agreement ("a breach"), the United
17 States may declare this agreement breached.  All of defendant's
18 obligations are material, a single breach of this agreement is
19 sufficient for the United States to declare a breach, and defendant
20 shall not be deemed to have cured a breach without the express
21 agreement of the United States in writing.  If the United States
22 declares this agreement breached, and the Court finds such a breach
23 to have occurred, then: (a) if defendant has previously entered a
24 guilty plea pursuant to this agreement, defendant will not be able to
25 withdraw the guilty plea, and (b) the United States will be relieved
26 of all its obligations under this agreement.

27    25.  Following the Court's finding of a knowing breach of this
28 agreement by defendant, should the United States choose to pursue any

14

charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

26.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the United States and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the United States and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. MCNALLY
Acting United States Attorney


_____          2/3/2025
MAXWELL COLL                              _____
NISHA CHANDRAN                            Date
Assistant United States Attorneys

STEFANIE SCHWARTZ
Trial Attorney
Criminal Division, Computer Crime
and Intellectual Property Section

_____          1/30/25
YICHENG ZHANG                             _____
Defendant                                 Date

_____          1/30/25
ERROL STAMBLER                            _____
Attorney for Defendant                    Date
YICHENG ZHANG

17

1

CERTIFICATION OF DEFENDANT

2   I have read this agreement in its entirety.  This agreement has

3   been read to me in Mandarin, the language I understand best.  I have

4   had enough time to review and consider this agreement, and I have

5   carefully and thoroughly discussed every part of it with my attorney.

6   I understand the terms of this agreement, and I voluntarily agree to

7   those terms.  I have discussed the evidence with my attorney, and my

8   attorney has advised me of my rights, of possible pretrial motions

9   that might be filed, of possible defenses that might be asserted

10  either prior to or at trial, of the sentencing factors set forth in

11  18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

12  and of the consequences of entering into this agreement.  No

13  promises, inducements, or representations of any kind have been made

14  to me other than those contained in this agreement.  No one has

15  threatened or forced me in any way to enter into this agreement.  I

16  am satisfied with the representation of my attorney in this matter,

17  and I am pleading guilty because I am guilty of the charge and wish

18  to take advantage of the promises set forth in this agreement, and

19  not for any other reason.

20

21  YICHENG ZHANG                          Date
    Defendant

22

23

24

25

26

27

28

## CERTIFICATION OF INTERPRETER

I, _Yanyan Liu_ am fluent in the written and spoken English and Mandarin languages.  I accurately translated this entire agreement from English into Mandarin to defendant YICHENG ZHANG on this date.

_____          1/30/25
INTERPRETER                            Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am YICHENG ZHANG's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          1/30/25
ERROL STAMBLER                         Date
Attorney for Defendant
YICHENG ZHANG

19